UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
**DONGMEI LIU**, :
:
Plaintiff, : **ORDER**
:
– against – :
: 24-CV-3742 (AMD)
**UR M. JADDOU, ALEJANDRO MAYORKAS,** :
**MERRICK B. GARLAND,** and **BREON PEACE**, :
:
Defendants. :
:
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On May 24, 2024, the plaintiff, proceeding *pro se*, filed this action seeking a mandamus order compelling the defendant "to act on [her] pending I-589 Application for Asylum by scheduling an interview with a USCIS agent at the earliest opportunity and convenience." (ECF No. 1 at 4.) The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), on mootness grounds, because the defendant has already issued the plaintiff an interview notice. For the reasons set forth below, I grant the defendants' motion and dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

## BACKGROUND

The plaintiff is a Chinese citizen who lives in Queens County. (ECF No. 1 at 2, 6.) The plaintiff filed a I-589 application in July 2016. (*Id.* at 4.) She claims that her application is pending and that the USCIS has not contacted her to schedule an interview. (*Id.*) She argues that the USCIS's delay in processing her I-589 has put her in "a difficult and unreasonable state of limbo," and that she is "left with no other option than filing this Writ of Mandamus with the

Court on the basis of unreasonable delay of Defendants' performing and carrying on the agencies' duties." (*Id.*)

In a July 18, 2024 status letter, the government informed the Court that it has provided the plaintiff with the relief she seeks: "USCIS issued a notice for Plaintiff to be interviewed in connection with the I-589," and that the interview is scheduled for August 11, 2025. (ECF No. 6 at 1.) The government attached the interview notice to its status letter. (ECF No. 6-1.) The government also provided the plaintiff with a courtesy copy of the notice and asked that she stipulate to dismiss this action without prejudice. (ECF No. 6 at 1.) The plaintiff did not respond to the status letter; nor has she replied to the motion to dismiss, and the time for doing so has passed.[1]

## DISCUSSION

**I.   Standard of Review**

A party may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1); *see also Ford v. D.C. 37 Union Local 1549*, 579 F.2d 187, 188 (2d Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept all material factual allegations in the complaint as true, but should not draw "argumentative inferences favorable to the party asserting jurisdiction." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). Because the plaintiff is *pro se*, I construe her submissions liberally, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007), and interpret her complaint and attached documents to "raise the strongest arguments they suggest." *Graham v.*

---

[1] The Court *sua sponte* granted the plaintiff two extensions of time to file an opposition and warned her that the Court would consider the motion fully briefed if she did not respond. (*See* ECF Orders dated Sept. 30, 2024 and Aug. 15, 2024.)

2

*Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  Nevertheless, "federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Koso v. McCulloh*, No. 18-CV-7415, 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019).  The party asserting jurisdiction bears the burden of proof.  *Id.*

Under Article III of the U.S. Constitution, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Defunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *Liner v. Jafco*, 375 U.S. 301 (1964)).  "When a court is presented with issues that 'are no longer live' or when the parties 'lack a legally cognizable interest in the outcome,' the case is moot and, therefore, outside the federal court's jurisdiction." *Hunter v. Colonial Park, Superintendent*, 409 F. App'x 411, 411 (2d Cir. 2011) (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.,* 354 F.3d 120, 122–23 (2d Cir. 2003)).  An action asking a court to direct a federal official to perform an act that the official has already performed is moot.  *Aizah v. Holder*, 12-CV-6020, 2013 WL 1282345, at *1 (E.D.N.Y. March 28, 2013); *Barrett v. United States*, 105 F.3d 793 (2d Cir. 1997).

**II.     Federal Subject Matter Jurisdiction**

The plaintiff has no cognizable interest in seeking to compel the defendants to schedule an interview after an interview notice, because they have already done so.  Indeed, "the issuance of an interview notice renders a suit to compel adjudication of an immigration application as moot." *Long v. Garland*, No. 22-CV-6652, 2023 WL 6930674, at *1 (E.D.N.Y. Oct. 19, 2023) (collecting cases).  Because the defendants have already done what the plaintiff seeks, this Court cannot grant her any effectual relief.

## CONCLUSION

Since the plaintiff's claim is moot, the Court does not have subject matter jurisdiction. The defendants' motion to dismiss is granted and the plaintiff's motion for a writ of mandamus is dismissed without prejudice. The Clerk of Court is respectfully directed to close this case and enter judgment. The Clerk is also respectfully directed to mail a copy of this Order to the plaintiff at the address she provided and note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
December 17, 2024